UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTIGE HOMES, LLC, | No. 2:14-cv-00050-MCE-AC |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| DAVID H. WILLIS, ET AL., | |
| Defendants. | |

On September 20, 2013, Plaintiff Prestige Homes, LLC ("Plaintiff"), filed this unlawful detainer action against David H. Willis, Robin R. Willis, and Does 1-10 in the Superior Court of the State of California, County of Solano. See Notice of Removal ("Notice"), Exh. A ("Complaint"), ECF No. 1 at 13. On January 9, 2014, unnamed Defendant Marquel Dawson ("Dawson") removed the action to this Court, purportedly pursuant to 28 U.S.C §§ 1332, 1441(a), 1446. See Notice, Jan. 9, 2014, ECF No 1. Because the Court lacks subject matter jurisdiction over this dispute, the Court now *sua sponte* REMANDS this action to the originating state court.

///

///

///

///

# BACKGROUND[1]

On September 20, 2013, Plaintiff filed in state court an unlawful detainer action arising solely under state law. Through that action, Plaintiff seeks to take possession of a parcel of real property located at 2318 Fairview Place in Fairfield, California ("the Property"), from David H. Willis, Robin R. Willis, and Does 1-10. Plaintiff's Complaint alleges that it is the owner of the Property and is entitled to immediate possession. According to Plaintiff, based on a fair market rental rate of $2,000.00 per month, the reasonable rental value of the premises is $66.67 per day. Plaintiff seeks all damages that have accrued at this rate since September 14, 2013. Because that amount does not exceed $10,000, the action was filed as a limited civil jurisdiction matter in California Superior Court.

On January 9, 2014, Dawson removed the action to this Court, purportedly pursuant to 28 U.S.C §§ 1332, 1441(a), 1446. No party has yet contested this Court's jurisdiction.[2]

# STANDARD

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of

---

[1] Unless otherwise noted, the facts are taken, often verbatim, from Dawson's Notice and Plaintiff's

[2] Although the time period in which Plaintiff may file a Motion to Remand has not passed, because "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," the Court *sua sponte* remands this case to the originating state court. 28 U.S. § 1447(c) (noting that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a)").

1  Civil Procedure 12(b)(1).[3]  Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009).  Lack of subject matter jurisdiction may also be raised by the district court *sua sponte*.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).  Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party."  Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

When a case over "which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to the federal court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  There are two bases for establishing original federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  Id. § 1331.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ."  Id. § 1332(a)(1)-(2).

"The party invoking the removal statute bears the burden of establishing federal jurisdiction."  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

If the district court determines that removal was improper, then the Court may also award the plaintiff costs and attorney fees accrued in response to the defendant's

---

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

removal.  28 U.S.C. § 1447(c).  The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law.  Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

**ANALYIS**

The Court has an "independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999); see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).[4]  "Generally, federal courts have no original jurisdiction over unlawful detainer actions based on state law, unless the removing party can show that diversity jurisdiction is proper." Contreras v. MTC Fin. Inc., 10-CV-05836-LHK, 2010 WL 5441950 at *1 (N.D. Cal. Dec. 28, 2010) (internal citation omitted).  Although Plaintiff purports to base the removal of this action on 28 U.S.C § 1332, which provides for the removal of diversity cases to federal court, because Plaintiff also argues within his Notice that removal is proper on the basis of federal question jurisdiction as well as under a Civil Rights exception to the well-pleaded complaint rule, the Court will analyze all three alleged bases of jurisdiction.

**A.  Diversity Jurisdiction**

Jurisdiction lies on the basis of diversity if the matter in controversy exceeds the sum or value of $75,000.00, and is between citizens of different states.  See 28 U.S.C. § 1332(a)(1).  However, even in such cases, "removal is not permitted where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action (even if the opposing parties are citizens of different states)." Fed. Nat. Mortgage Ass'n v. Lofton, C 11-03697 LB, 2011 WL 3739547 at *2 (N.D. Cal. Aug. 24, 2011) (citing 28 U.S.C. § 1441(b)).

The court lacks diversity jurisdiction in this matter for two reasons: (1) the amount

---

[4] While a district court may not *sua sponte* remand a case for procedural defects, a court may *sua sponte* remand a case if it lacks jurisdiction.  Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

4

in controversy does not exceed $75,000; and (2) Dawson does not allege that he is a citizen of any jurisdiction other than California, the state where the underlying action was filed.

First, as indicated above, Plaintiff's Complaint for Unlawful Detainer expressly seeks no more than $10,000 in damages. See Complaint, ECF No. 1 at 13, Exhibit A. Because unlawful detainer actions contest the right to possession of the property at issue, not title to that property, the actual amount in controversy here is comprised primarily of holdover damages. See Fed. Nat. Mortgage Ass'n v. Lofton, C 11-03697 LB, 2011 WL 3739547 at *3 (N.D. Cal. Aug. 24, 2011). Therefore, the amount in controversy requirement is not met.[5]

Second, even if the Dawson could demonstrate that the amount sought exceeded $75,000,[6] removal is improper because Plaintiff filed suit in California, and the Court doubts that Dawson is a citizen of another state or country.

Indeed, Dawson did not even allege the state of his citizenship. See Ethridge, 861 F.2d at 1392 (party invoking the removal statute bears the burden of establishing federal jurisdiction). Rather, Dawson merely lists his address as Fairfield, California and states that he is a "tenant in possession of the subject property," which is located in Fairfield, California. See Not., Jan. 9, 2014, ECF No. 1 at 1, 10. "Out of respect for the independence of state courts, and in order to control the federal docket, the removal statute is narrowly construed and the court must reject jurisdiction if there is *any doubt* as to whether removal was proper." Cross-Cnty. Bank v. Klussman, C-01-4190-SC,

---

[5] In addition, even if damages were not limited to $10,000, at a rate of $2,000 a month, excluding any applicable interest, the rent due would not exceed $75,000 until approximately 38 months passed. See Exhibit A to Plaintiff's Complaint, ECF No. 1 at 13, 16; see also Fed. Nat. Mortgage Ass'n, C 11-03697 LB, 2011 WL 3739547 at *3 (conducting a similar rent analysis and noting that "[i]n unlawful detainer actions, the right to possession of the property is contested, not title to the property. . . . Plaintiffs may collect only damages that are incident to that unlawful possession") (internal citations omitted).

[6] Because it need not reach this issue, the Court does not examine whether the parties are completely diverse as Dawson contends. That being said, it appears that Dawson merely assumed that Plaintiff is diverse from all defendants. The Notice contains no allegations as to the Citizenship of Plaintiff or that of any of the defendants.

5

2004 WL 966289 at *2 (N.D. Cal. Apr. 30, 2004) (internal citations omitted) (emphasis added).  Since "[i]ndividuals are citizens of their state of domicile," the Court doubts that Dawson may remove this matter.  Badyal v. Bosch Packaging Tech., Inc., 2:11-CV-00349-MCE, 2011 WL 777938 (E.D. Cal. Feb. 25, 2011) (citing Munoz v. Small Business Administration, 644 F.2d 1361, 1365 (9th Cir.1981).  Therefore, pursuant to 28 U.S.C. § 1441(b), this Court finds that Dawson improperly removed this matter on the basis of diversity jurisdiction.

### B. Federal Question Jurisdiction

In his Notice, Dawson asserts that "[r]emoval is proper because defendants filed suit in the federal court claiming matters which involve federal questions . . . Specifically, defendant's federal claim arises under the Truth in Lending Act ["TILA"] and under the Real Estate Settlement Procedures Act."  Notice, Jan. 9. 2014, ECF No. 1 at 2-3 (citations omitted).  Although Dawson claims to have "filed suit" in federal court, the Court is unaware of any such filings.  Further, even if Dawson bases his defenses to Plaintiffs' claims on federal laws such as TILA or the Real Estate Settlement Procedures Act, as Dawson purports to have done, such action would not create subject matter jurisdiction because it is "settled law that a case may not be removed to federal court on the basis of a federal defense."  Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Id. at 392.[7]

---

[7] Dawson cannot rely on his purportedly forthcoming "counterclaims . . . to establish a federal question because those claims do not appear on the face of the Complaint."  Fed. Nat. Mortgage Ass'n. v. Bridgeman, 2:10-CV-02619 JAM, 2010 WL 5330499 at *4 (E.D. Cal. Dec. 20, 2010); see Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (stating that federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim).

1   At bottom, Plaintiff filed an unlawful detainer action in the Superior Court of
Solano County premised solely on California state law.  See Complaint, ECF No. 1 at 13
(stating that the action is a "[c]omplaint for Unlawful Detainer . . . based on [California]
Code of Civil Procedure Section 1161a").  "Because a claim for unlawful detainer does
not by itself present a federal question or necessarily turn on the construction of federal
law, no basis for federal question jurisdiction appears on the face of the Complaint."
Fed. Nat. Mortgage Ass'n. v. Bridgeman, 2:10-CV-02619 JAM, 2010 WL 5330499 at *4
(E.D. Cal. Dec. 20, 2010); see, e.g., U.S. Bank Nat'l Ass'n v. Tyler, No. C 10–4033 PJH,
2010 WL 4918790, at *2 (N.D. Cal. Nov.12, 2010) (concluding that a single claim for
unlawful detainer under state law does not provide a basis for federal question
jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV S–10–1683 JAM DAD PS, 2010
WL 2696702, at *2 (E.D.Cal. July 6, 2010) (same); IndyMac Federal Bank, F.S.B. v.
Ocampo, No. EDCV 09–2337 PA (DTBx), 2010 WL 234828, *2 (C.D.Cal. Jan. 13, 2010)
(same); HSBC Bank, N.A. v. Bryant, No. 09–CV–1659–IEG (POR), 2009 WL 3787195,
at *3 (S.D.Cal. Nov.10, 2009) (same).  Therefore, Dawson's attempt to remove on
federal question grounds is also rejected.

**C.  Removal under 28 U.S.C. § 1443**

Finally, Dawson also asserts that 28 U.S.C. § 1443 constitutes "an expressly
authorized, in fact, specially mandated, exemption to the 'well-pleaded complaint rule.'"
Notice, Jan. 9, 2014, ECF No. 1 at 5.  Section 1443(1) provides for the removal of any
civil or criminal case commenced in state court "[a]gainst any person who is denied or
cannot enforce in the courts of such State a right under any law providing for the equal
civil rights of citizens of the United States, or of all persons within the jurisdiction
thereof[.]"  28 U.S.C. § 1443(1).  Removal under § 1443(1) requires defendants to satisfy
a two-part test:

> "(1) defendants must assert, as a defense to the prosecution, rights that are given to [the defendants] by explicit statutory enactment protecting equal racial civil rights; and (2) defendants must assert that the state courts will not enforce that right, and that allegation must be supported by reference

7

> to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."

Ward v. Hernandez, EDCV 13-01458 JGB, 2013 WL 5840445, at *2 (C.D. Cal. Oct. 25, 2013) (citing Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006)). "A removal notice under § 1443(2) is proper only by federal officers or persons assisting such officers in performing their duties under federal civil rights laws." Id. (citing City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 828 (1966)).

Plaintiff broadly asserts that "Constitutional rights . . . are systematically trampled in state courts" and that he "can and will at trial 'show that there is a state law preventing him from raising his federal claims in state court, and further he has shown the basis for an 'equally firm prediction' that he will be unable to protect his federal rights in state court.'" Notice, Jan. 9, 2014, ECF No. 1 at 5 (citing Neal v. Wilson, 112 F.3d 351, 355 (8th Cir. 1997)).

In State of Georgia v. Rachel, 384 U.S. 780, 790 (1966), the Supreme Court noted that the phrase 'any law providing for equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality. See Ward v. Hernandez, EDCV 13-01458 JGB, 2013 WL 5840445 at *2. Thus Dawson's broad contentions that his Constitutional rights are systematically trampled in state court are wholly insufficient to support a valid claim for removal under § 1443(1). Further, Dawson does not satisfy the second prong under § 1443(1) because he does not support his vague assertions with a "reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id. at 3 (remanding a case to state court where the defendants "failed to identify any specific state statute or constitutional provision that commands the state courts to ignore their federal rights"); see Wells Fargo Bank Nat. Ass'n v. Vann, No. 13–01148, 2013 WL 1856711 (N.D.Cal. May 2, 2013) (finding that removal was improper under § 1443 where defendant alleged that the "unlawful detainer complaint process itself denies homeowners . . . due process rights to unlimited jurisdiction cross complaint and discovery after sale"); HSBC Bank

1  USA v. Kubik, No. 13–1692, 2013 WL 1694670, at *3 (C.D.Cal. Apr.16, 2013) ("Defendant Kubik does not, and cannot, identify any California state law or constitutional provision that commands state courts to ignore an amendment to the U.S. Constitution."). Thus, Dawson fails to meet either prong of the test for removal under § 1443(1).[8]

Further, Dawson's statements regarding the alleged basis for removal under § 1443 are entirely conclusory in nature. "Section 1443(1) will not provide jurisdiction where allegations of discrimination are conclusory and lacking factual basis." Ward, EDCV 13-01458 JGB, 2013 WL 5840445 at *3 (citing Bogart v. California, 355 F.2d 377, 380–81 (9th Cir.1966)). Therefore, removal is not proper under 28 U.S.C. § 1443.

If, as Dawson fears, the California state courts do not respect and enforce his federal rights, Dawson's proper course of action is to seek direct review in the United States Supreme Court. See Neal v. Wilson, 112 F.3d 351, 355 (8th Cir. 1997) (citing Doe v. Berry, 967 F.2d 1255, 1258 (8th Cir. 1992)) (noting that "state courts . . . have equal responsibility for ruling on federal constitutional issues"). Dawson's section 1443 argument is thus rejected as well.

### D.    Attorneys' fees and costs

Although a district court has broad discretion to award costs and fees to a plaintiff whenever it finds that removal was wrong as a matter of law, here, because the Court *sua sponte* orders this remand, no award of costs and fees is warranted. See Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

///

///

///

---

[8]Dawson does not appear to assert jurisdiction under 28 U.S.C. § 1443(2), however, even if he did, that section would not apply. "A removal notice under § 1443(2) is proper only by federal officers or persons assisting such officers in performing their duties under federal civil rights laws." Ward, EDCV 13-01458 JGB, 2013 WL 5840445 at *2 (internal citations omitted). Dawson does not allege that he is a federal officer or that he is assisting federal officers.

**CONCLUSION**

For the reasons stated above, the Court *sua sponte* REMANDS this case to the originating state court, the Superior Court of the State of California, County of Solano, Fairfield Branch, for final adjudication. Pursuant to 28 U.S.C. § 1447(c), the Clerk is ordered to mail a certified copy of this order of remand to the clerk of originating state court. The state court may thereupon proceed with this case. The Clerk shall thereafter CLOSE the case in this Court.

IT IS SO ORDERED.

Dated:  January 23, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT